23-6562
*United States v. Whaley*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand twenty-four.

PRESENT:

> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges*,
> CLAIRE R. KELLY,
> *Judge*.[*]

_____

UNITED STATES OF AMERICA,

     *Appellee*,

     v.               No. 23-6562

TAVON WHALEY, a.k.a. Tayvon Whaley,

_____

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

*Defendant-Appellant*,

ANTHONY MILLER,

*Defendant*.†

_____

| | |
|---|---|
| **For Defendant-Appellant:** | ANDREW H. FREIFELD, New York, NY. |
| **For Appellee:** | NICOLAS COMMANDEUR, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 15, 2023 judgment of the district court is **AFFIRMED**.

Tavon Whaley appeals from a judgment of conviction following his conditional plea of guilty to one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and one count of possession with intent to distribute cocaine base and methamphetamine in violation of 21

---

† The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

U.S.C. § 841(a)(1) & (b)(1)(C). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Whaley principally argues that the district court should have suppressed the evidence seized by officers during an April 2021 search of his home in Binghamton, New York. As part of that search, officers prepared a warrant application based on evidence that Whaley was supplying cocaine to other sellers in the area from his home. The warrant included an "Attachment B" that listed the items to be seized, including cocaine, drug paraphernalia, currency, and other evidence of drug trafficking. *See* App'x at 64. After a magistrate judge reviewed the application for probable cause and issued the warrant, agents with the Drug Enforcement Agency ("DEA") executed it on Whaley's home. They ultimately recovered nearly 400 grams of narcotics, thousands of dollars in cash, and various drug packaging materials, all of which fell within the scope of Attachment B.[1] Although the executing officers left a copy of the warrant at Whaley's home, the warrant did not include a copy of Attachment B.

---

[1] Although agents also seized two vehicles parked outside Whaley's home, they did so pursuant to the "DEA's administrative seizure authority," which Whaley does not challenge here. App'x at 54.

Whaley moved to suppress all of the seized evidence under the Fourth Amendment and Federal Rule of Criminal Procedure 41(f)(1)(C), which requires executing officers to leave behind a copy of the warrant. The district court held an evidentiary hearing featuring testimony from DEA Agent Ryan Phelan, who prepared the affidavit in support of the warrant application and presided over the search at Whaley's home. Agent Phelan testified that Attachment B was part of the warrant application submitted to the magistrate judge and that it had been inadvertently omitted from the papers left at Whaley's home. After crediting Phelan's testimony, the district court denied Whaley's motion to suppress and his subsequent motion for reconsideration. Whaley thereafter pleaded guilty to both counts in the indictment, pursuant to a conditional plea agreement that preserved his ability to appeal the denial of his motion to suppress and motion for reconsideration. This appeal followed.

"On appeal from a district court's ruling on a motion to suppress evidence, we review legal conclusions *de novo* and findings of fact for clear error." *United States v. Ganias*, 824 F.3d 199, 208 (2d Cir. 2016) (*en banc*) (internal quotation marks omitted). We will reverse for clear error "only if we are left with the definite and firm conviction that a mistake has been committed." *United States v. Bershchansky*,

4

788 F.3d 102, 110 (2d Cir. 2015) (internal quotation marks omitted). Whether a person acted with a specific mental state "is a factual question of intent" that we review for clear error. *United States v. Rajaratnam*, 719 F.3d 139, 153 (2d Cir. 2013) (internal quotation marks omitted). We also "pay special deference to the district court's factual determinations going to witness credibility." *Bershchansky*, 788 F.3d at 108 (internal quotation marks omitted).

Whaley first argues that all of the evidence seized from his home must be suppressed under the Fourth Amendment due to the omission of Attachment B. His theory is somewhat intricate. He argues that, because the officers did not bring a copy of Attachment B when executing the search, they must have been "unaware" of the warrant's scope. Whaley Br. at 23. And because they were unfamiliar with the warrant's limits, Whaley reasons that the officers must have conducted an illegal "general search" that should trigger blanket suppression of *all* evidence seized, even if that evidence was properly within the scope of Attachment B. *Id.*

As a threshold matter, there is no dispute that the warrant itself was valid. Although the Fourth Amendment prohibits general warrants, that proscription applies only to warrants so broad that the executing officer cannot "ascertain and

5

identify with reasonable certainty those items that the magistrate has authorized him to seize." *United States v. George*, 975 F.2d 72, 75 (2d Cir. 1992). Here, Attachment B specifically identified the items to be seized and was incorporated by reference into the warrant application. Even if the officers neglected to bring a copy of it to the search, they included Attachment B in their application to the magistrate judge. There are thus no defects in the warrant that could render it facially invalid as a general warrant.

Because the warrant was valid, Whaley is entitled to suppression only if he can demonstrate that the search itself was improper. On this front, he argues that the entire search was tainted – and that all evidence must be suppressed – because the officers were "unaware" of Attachment B's limits on what could be seized, as evidenced by the officers' failure to bring a copy of Attachment B with them. Whaley Br. at 23.

As we have explained, however, "the drastic remedy of the suppression of *all* evidence seized is not justified unless those executing the warrant acted in flagrant disregard of the warrant's terms." *United States v. Matias*, 836 F.2d 744, 747 (2d Cir. 1988) (internal quotation marks omitted). This sort of "flagrant disregard" occurs only when officers "(1) . . . effect a widespread seizure of items

that were not within the scope of the warrant, and (2) do not act in good faith."

*United States v. Shi Yan Liu*, 239 F.3d 138, 140 (2d Cir. 2000) (citations and internal quotation marks omitted).

Whaley cannot establish either element here. First, nearly all of the items seized – the drugs, cash, and trafficking paraphernalia – fell within the warrant's scope by way of Attachment B.[2] Second, Whaley cannot show that the officers acted in bad faith, especially on clear error review. At the hearing on Whaley's motion to suppress, Agent Phelan and another officer testified that their failure to leave a copy of Attachment B was inadvertent and not motivated by a desire to obfuscate the scope of their search. Agent Phelan also contradicted Whaley's contention that the officers were unaware of Attachment B's scope, testifying that he was "familiar with . . . Attachment B" when executing the search (which he physically presided over) and that he met with other officers beforehand to discuss the search. App'x at 53, 100, 108. The district court found that testimony credible, and Whaley points to no evidence in the record to disturb that finding on appeal. *See Bershchansky*, 788 F.3d at 108.

---

[2] While officers also seized two cars not covered by Attachment B, that is hardly "widespread," *Shi Yan Liu*, 239 F.3d at 140 (internal quotation marks omitted), and in any event, as noted above, Whaley does not dispute that those seizures were permissible under the DEA's administrative seizure authority.

Separate from the Fourth Amendment, Whaley also asserts that the seized evidence must be suppressed under Federal Rule of Criminal Procedure 41(f)(1)(C). But while it is true that Rule 41(f)(1)(C) requires the executing officer to "leave a copy of the warrant and receipt" on location, Fed. R. Crim. P. 41(f)(1)(C), we generally do not require the suppression of evidence when this provision is violated. Instead, we have ordered suppression only when "(1) there was prejudice in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule." *United States v. Pangburn*, 983 F.2d 449, 455 (2d Cir. 1993) (internal quotation marks omitted).

Neither basis for suppression is available here. First, Whaley cannot establish that he was prejudiced by the officers' failure to leave him a copy of Attachment B, as nothing suggests that the search would have played out differently had the officers done so. Second, Whaley has not shown that the officers conducting the search acted with "intentional and deliberate disregard" of Rule 41. *Id.* (internal quotation marks omitted). As already discussed, the executing officers testified before the district court that the failure to leave a copy of Attachment B was inadvertent; the district court credited that testimony and

8

concluded that "[n]o evidence exist[ed] that the failure to provide the attachments was intentional." App'x at 165.

We have considered Whaley's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court